# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Philip Dace, | Case No. 2:23-cv-02122-ART-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| TD Bank USA, N.A., | |
| Defendant. | |

On December 27, 2023, the Court entered a minute order directing the parties to file a joint status report regarding the removed action. ECF No. 4. TD Bank filed the status report on its own because it received no response from Mr. Dace. *See* ECF No. 9. On January 2, 2024, TD Bank moved to dismiss the case. ECF No. 6. A response to the motion to dismiss was due on January 16, 2024. *Id.* To date, Mr. Dace not responded. On March 31, 2024, the Court entered a minute order directing the parties to file a joint discovery plan and scheduling order no later than May 1, 2024. ECF No. 10. TD Bank filed its own timely discovery plan and scheduling order, in which it noted that "TD Bank has not had any contact from Plaintiff regarding the motion or conducting the FRCP 26 meeting and proposed discovery plan." ECF No. 11 at 1. On May 2, 2024, the Court gave Mr. Dace an opportunity to file his own discovery plan and scheduling order by May 13, 2024. ECF No. 12. Mr. Dace did not do so. In fact, Mr. Dace has not filed a single motion or other pleading. As a result, this Court recommends that this case be dismissed without prejudice and closed.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action has been pending for approximately five months with no activity whatsoever from Mr. Dace, the only alternative is to enter orders setting additional deadlines. The circumstances here do not indicate that the plaintiff needs additional time nor is there evidence that he did not receive the court's order. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

IT IS THEREFORE RECOMMENDED that this action is DISMISSED without prejudice for failure to follow court orders and generally prosecute the action.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being

served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 20, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE