UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP DACE,<br><br>                 Plaintiff,<br>   v.<br>TD BANK, USA, N.A,<br><br>                 Defendant. | Case No. 2:23-CV-2122-ART-BNW<br><br>ORDER |

## I.  SUMMARY

*Pro se* Plaintiff Philip Dace brings this action against TD Bank, USA, N.A. ("TD Bank") for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"). (ECF No. 1-1.) Plaintiff alleges that on March 2, 2023 and May 3, 2023, he tried to validate a debt purportedly owed to Defendant, but Defendant never responded, and the debt is not labeled as in dispute. (ECF No. 1-1 at 6.) Plaintiff states that this alleged violation of the FCRA has caused him emotional distress and anxiety because he cannot "access the full benefits of his credit file." *Id.* Defendant filed a Motion to Dismiss arguing that Section 623(3) of the FCRA does not provide a private right of action. (ECF No. 6 at 5-6.) Before the Court is a Report and Recommendation ("R&R") from United States Magistrate Judge Brenda Weksler (ECF No. 13) recommending that the Court dismiss this case without prejudice because Plaintiff has failed to prosecute the action or comply with the Court's orders. Plaintiff failed to file an objection to the R&R or respond to Defendant's Motion to Dismiss. Because the Court agrees with Judge Weksler's analysis, the Court will adopt the R&R and close the case.

## II.  PROCEDURAL HISTORY

On December 27, 2023, this Court ordered the parties to file a joint status report. (ECF No. 4.) TD Bank filed its own status report because it never received a response from Dace. (ECF No. 9 at 2.) On January 2, 2024, TD Bank filed a

1

Motion to Dismiss. (ECF No. 6.) Plaintiff never filed a response to the Motion to Dismiss. On March 31, 2024, the Court entered a minute order directing the parties to file a joint discovery plan and scheduling order by May 1, 2024. (ECF No. 10.) TD Bank filed its own discovery plan and explained that it had not had any contact with Plaintiff regarding the motion or the FRCP 26 meeting. (ECF No. 11 at 1.) On May 2, 2024, the Court granted Plaintiff until May 13, 2024 to file his own discovery plan and scheduling order. (ECF No. 12.) Plaintiff never filed a discovery plan or any other motion or pleading, so Judge Weksler recommended this Court dismiss the case without prejudice. (ECF No. 13.)

### III.  LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### IV.  DISCUSSION

Because there is no objection, the Court need not conduct de novo review and is satisfied Judge Weksler did not clearly err. Plaintiff has not filed any motions or pleadings in this case, including those ordered by this Court. As Judge Weksler noted in her Report and Recommendation, a district court may dismiss a party's action based on a party's failure to comply with its orders. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply

with an order requiring amendment of complaint). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). Judge Weksler concluded that all but the fourth factor weighed in favor of dismissal, and she thus recommended this Court dismiss the present action. (ECF No. 13 at 2.) The Court agrees with Judge Weksler's conclusion and will adopt her Report and Recommendation.

**V.    CONCLUSION**

It is therefore ordered that the Court adopts the Report and Recommendation of Judge Weksler.

It is further ordered that this case is dismissed without prejudice.

The Clerk of Court is directed to administratively close this case.

DATED THIS 2nd Day of July 2024.

_____
ANNE TRAUM
UNITED STATES DISTRICT JUDGE

3